## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RM FOOD, INC.,

             Plaintiff,

vs.

AMGUARD INSURANCE
COMPANY,

             Defendant.

Civ Act. No. _____

State Court of Gwinnett County
Civil Act. No. 21-C-00437-S6

## NOTICE OF REMOVAL

**COMES NOW**, AMGUARD INSURANCE COMPANY (hereinafter "Defendant"), Defendant in the above-styled civil action, and within the time prescribed by law, files this Notice of Removal, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed. As grounds for removal, Defendant states as follows:

1.

Plaintiff RM FOOD, INC. ("Plaintiff") filed a Complaint on January 20, 2021 against Defendant AMGUARD INSURANCE COMPANY in the State Court of Gwinnett County, Georgia, Civil Action No. 21-C-00437-S6, which county is within the Atlanta Division of this Court. A true and correct copy of the Complaint is attached hereto and made a part hereof as Exhibit "A."

2.

By way of its Complaint, Plaintiff seeks to recover damages against Defendant, pursuant to allegations of breach of contract (Count I) as well as allegations of bad faith under O.C.G.A. § 33-4-6 (Count II). *See* Exhibit A.

3.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Plaintiff's Complaint seeks a sum in excess of $75,000.00 as Plaintiff specifically pleads this fact, and further requests an amount in excess of $408,482.49. Exhibit A, ¶¶ 10, 18.

4.

Defendant was served with a copy of the Complaint on January 28, 2021.

5.

Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." See 28 U.S.C. § 1446(b)(1).

6.

Defendant's Notice of Removal is timely and the matter and amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . .").

7.

Plaintiff is a Georgia domestic profit corporation, organized under the laws of the State of Georgia, with its principal place of business located in the State of Georgia, as shown by the entity's corporate entry with the Georgia Secretary of State, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "B." Plaintiff's citizenship is, therefore, established in the State of Georgia for diversity of citizenship purposes. See 28 U.S.C. § 1332(c) ("a corporation is

deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business . . .").

8.

Defendant is a foreign corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania, as shown by the entity's corporate entry with the Georgia Secretary of State, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "C." Plaintiff's Complaint also concedes that "Defendant is a foreign insurance company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at P.O. Box AH, Wilkes Barre, PA 18703-0020." Exhibit A, ¶ 1. Defendant's citizenship is, therefore, established in the State of Pennsylvania for diversity of citizenship purposes.

9.

The Court has diversity jurisdiction over this suit under 28 U.S.C. § 1332 because: (1) Plaintiff and Defendant are citizens of different states; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1).

10.

In accordance with 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

11.

Concurrently with the filing of this Notice of Removal, Defendant has given notice of this Notice of Removal to all parties on record and to the Clerk of the State Court of Gwinnett County, Georgia. A true and correct copy of Defendant's Answer, and the Notice of Filing Notice of Removal are attached hereto as Exhibit "D."

12.

Defendant has complied with all provisions of 28 U.S.C. § 1446 governing the procedure for removal. By virtue of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Northern District of Georgia, Atlanta Division, has original jurisdiction over this matter.

13.

Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendant AmGUARD Insurance Company prays that the State Court of Gwinnett County, Georgia, proceed no further and that the suit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons

Drew C. Timmons
Georgia Bar No. 358626
Justin E. Jorgensen
Georgia Bar No. 204124
*Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

6

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

This 26ᵗʰ day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
      Drew C. Timmons
      Georgia Bar No. 358626
      Justin E. Jorgensen
      Georgia Bar No. 204124
      *Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

7

EXHIBIT A

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00437-S6**
**1/20/2021 9:58 AM**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

*Tiana P. Garner*
CLERK OF STATE COURT

| | | |
|---|---|---|
| **RM FOOD, INC.** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | **21-C-00437-S6** |
| **v.** | ) | |
| | ) | |
| **AMGUARD INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendant.** | | |

## <u>COMPLAINT</u>

**COME NOW**, RM Food, Inc. ("Plaintiff") and files this Complaint against Amguard Insurance Company ("Defendant"), showing this Honorable Court the following:

1.

Defendant is a foreign insurance company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at P.O. Box AH, Wilkes Barre, PA 18703-0020. Defendant may be served with this lawsuit in the State of Georgia by service upon its registered agent, CT Corporation, 289 S Culver Street, Lawrenceville, Georgia 30046 or as otherwise allowed by applicable law.

2.

This Court has jurisdiction of this matter sounding in breach of contract.

3.

Venue is proper in this Court as Defendant's registered agent is located in Gwinnett County.

4.

On or about March 20, 2019, Plaintiff's property, located at 1500 Sigman Road, NW, Conyers, Georgia 30012 (the "Property"), suffered extensive damage as a result of a fire (the "Claim").

5.

At the time of the Claim, Plaintiff had an existing insurance policy, Policy No. RMBP990382 (the "Policy"), whereby in exchange for payment of a premium by Plaintiff, Defendant agreed to provide insurance coverage for the Property along with associated

Copy from re:SearchGA

coverages, including, but not necessarily limited to, Plaintiff's lost business income and incurred extra expenses.

6.

Shortly after discovering the damage to the Property, Plaintiff filed the Claim with Defendant.

7.

The Claim is a covered loss pursuant to the terms and conditions of the Policy.

8.

Although Defendant issued payment for the damage to the Property and Plaintiff's business personal property, Defendant has failed to adequately issue payment to Plaintiff for its lost business income and incurred extra expenses.

9.

In fact, despite issuing a $100,000.00 advance payment for Plaintiff's lost business income and incurred extra expenses, Defendant has failed to issue any additional payment.  In fact, Defendant has refused to communicate with Plaintiff and its representatives in any capacity since April 2020.

10.

On November 12, 2020, Plaintiff, through counsel, made written demand to Defendant to, within sixty (60) days, either pay for Plaintiff's lost business income and incurred extra expenses in the amount of $408,482.49, or to otherwise acknowledge full coverage of the Claim and thereafter adjust the Claim in good faith.

11.

Despite receiving the November 12, 2020 written correspondence, not only has Defendant failed to either pay the Claim in the amount of $408,482.49 or acknowledge coverage of the Claim and thereafter adjust the Claim in good faith, but Defendant has not even responded to the November 12, 2020 written correspondence.

12.

Furthermore, counsel for Plaintiff reached out to Defendant on multiple occasions after sending the November 12, 2020 written correspondence and Defendant failed to respond to any of these communications.

-2-

Copy from re:SearchGA

13.

The November 12, 2020 written correspondence informed Defendant that if it failed, within sixty (60) days, to either pay the Claim or acknowledge full coverage of the Claim and adjust it in good faith, Plaintiff would commence litigation and would pursue claims for breach of contract and bad faith damages pursuant to O.C.G.A. § 33-4-6.

14.

As of the filing of this Complaint, more than sixty (60) days have elapsed since the initial November 12, 2020 written correspondence was sent to Defendant, and Defendant has failed to either pay the Claim or acknowledge full coverage and adjust the Claim in good faith.

15.

As a result of Defendant's actions, it has breached the terms and conditions of the Policy, and such breach shall be considered to be done in bad faith pursuant to O.C.G.A. § 33-4-6.

## COUNT I – BREACH OF CONTRACT

16.

Plaintiff hereby incorporates by reference its allegations set forth in paragraphs 1 through 15 above.

17.

The Policy constitutes a valid, binding contract between Plaintiff and Defendant, and pursuant to the terms and conditions contained therein, the Claim is a covered loss under the Policy and should be paid in an appropriate manner.

18.

Defendant has breached the Policy by refusing to provide proper compensation for the Claim, and as a result thereof, Plaintiff has been damaged in an amount to be proven at trial, with said amount being more than $75,000.00.

## COUNT II – BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

19.

Plaintiff hereby incorporates by reference its allegations set forth in paragraphs 1 through 18 above.

-3-

Copy from re:SearchGA

20.

On November 12, 2020, Plaintiff, through counsel, made written demand to Defendant to, within sixty (60) days, either pay for Plaintiff's lost business income and incurred extra expenses in the amount of $408,482.49, or to otherwise acknowledge full coverage of the Claim and thereafter adjust the Claim in good faith.

21.

Despite receiving the November 12, 2020 written correspondence, not only has Defendant failed to either pay the Claim in the amount of $408,482.49 or acknowledge full coverage of the Claim and thereafter adjust the Claim in good faith, but Defendant has not even responded to the November 12, 2020 written correspondence.

22.

The November 12, 2020 written correspondence informed Defendant that if it failed, within sixty (60) days, to either pay the Claim or acknowledge full coverage of the Claim and adjust it in good faith, Plaintiff would commence litigation and would pursue claims for breach of contract and bad faith damages pursuant to O.C.G.A. § 33-4-6.

23.

This refusal of Defendant constitutes bad faith, and pursuant to O.C.G.A. § 33-4-6, Plaintiffs are entitled to recover an additional fifty percent (50%) of their damages and their attorney's fees and court costs.

## **PRAYER**

WHEREFORE, Plaintiff respectfully prays it be granted judgment in its favor and against Defendant, for:

a. The full amount of its lost business income and incurred extra expenses as a result of the fire that occurred on or about March 20, 2019;

b. Bad faith penalties pursuant to O.C.G.A. § 33-4-6;

c. Pre and post-judgment interest; and

d. All other damages deemed just by this Honorable Court and a jury of Plaintiff's peers;

**PLAINTIFFS REQUEST A JURY OF TWELVE (12) PERSONS ON THE ISSUES AS JOINED BY THE PLEADINGS.**

Copy from re:SearchGA

Respectfully submitted this 19th day of January 2021.

**MBW LAW, LLC**

<u>/s/Michael B. Weinstein</u>
Michael B. Weinstein, Esq.
Georgia Bar No. 746386
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
(404) 228-2629 (O)
mike@mbwlaw.net

*Attorney for Plaintiff*

-5-

Copy from re:SearchGA

EXHIBIT B

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 03/10/2020 11:46:38

| BUSINESS INFORMATION | |
|---|---|
| **BUSINESS NAME** | :  R M FOOD INC |
| **CONTROL NUMBER** | :  15002795 |
| **BUSINESS TYPE** | :  Domestic Profit Corporation |
| **ANNUAL REGISTRATION PERIOD** | :  2020 |

| BUSINESS INFORMATION CURRENTLY ON FILE | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | :  1500 SIGMAN RD NW, CONYERS, GA, 30012, USA | |
| **REGISTERED AGENT NAME** | :  HARDIK PATEL | |
| **REGISTERED OFFICE ADDRESS** | :  1 E FIFTH ST, HELENA, GA, 31037, USA | |
| **REGISTERED OFFICE COUNTY** | :  Rockdale | |
| **OFFICER** | **TITLE** | **ADDRESS** |
| HARDIK M PATEL | CEO | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |
| HARDIK M PATEL | CFO | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |
| HARDIK M PATEL | Secretary | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |

| UPDATES TO ABOVE BUSINESS INFORMATION | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | :  1500 SIGMAN RD NW, CONYERS, GA, 30012, USA | |
| **REGISTERED AGENT NAME** | :  HARDIK PATEL | |
| **REGISTERED OFFICE ADDRESS** | :  1 E FIFTH ST, HELENA, GA, 31037, USA | |
| **REGISTERED OFFICE COUNTY** | :  Rockdale | |
| **OFFICER** | **TITLE** | **ADDRESS** |
| HARDIK M PATEL | CEO | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |
| HARDIK M PATEL | CFO | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |
| HARDIK M PATEL | Secretary | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| **AUTHORIZER SIGNATURE** | :  HARDIK PATEL |
| **AUTHORIZER TITLE** | :  Officer |



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **R M FOOD INC** | Control Number: | **15002795** |
| Business Type: | **Domestic Profit Corporation** | Business Status: | **Active/Owes Current Year AR** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **1500 SIGMAN RD NW, CONYERS, GA, 30012, USA** | Date of Formation / Registration Date: | **1/5/2015** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2020** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **HARDIK PATEL** |
| Physical Address: | **1 E FIFTH ST, HELENA, GA, 31037, USA** |
| County: | **Rockdale** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| HARDIK M PATEL | CEO | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |
| HARDIK M PATEL | CFO | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |
| HARDIK M PATEL | Secretary | 1500 SIGMAN RD NW, CONYERS, GA, 30012, USA |

Back

Filing History          Name History

Return to Business Search

EXHIBIT C

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 02/11/2021 14:17:54

## BUSINESS INFORMATION

| | | |
|---|---|---|
| **BUSINESS NAME** | : | AMGUARD INSURANCE COMPANY |
| **CONTROL NUMBER** | : | K934059 |
| **BUSINESS TYPE** | : | Foreign Insurance Company |
| **JURISDICTION** | : | Pennsylvania |
| **ANNUAL REGISTRATION PERIOD** | : | 2021 |

## BUSINESS INFORMATION CURRENTLY ON FILE

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | PO BOX AH, WILKES BARRE, PA, 18703-0020, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| **OFFICER** | **TITLE** | **ADDRESS** |
|---|---|---|
| EITAN AJCHENBAUM | CFO | PO BOX A H, WILKES BARRE, PA, 18703, USA |
| Michael Dulin | Secretary | PO Box A-H, Wilkes-Barre, PA, 18703, USA |
| Sy Foguel | CEO | PO BOX A H, WILKES BARRE, PA, 18703, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | PO BOX AH, WILKES BARRE, PA, 18703-0020, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| **OFFICER** | **TITLE** | **ADDRESS** |
|---|---|---|
| EITAN AJCHENBAUM | CFO | PO BOX A H, WILKES BARRE, PA, 18703, USA |
| Matthew O'Connor | Secretary | PO Box A-H, Wilkes-Barre, PA, 18703, USA |
| Sy Foguel | CEO | PO BOX A H, WILKES BARRE, PA, 18703, USA |

## AUTHORIZER INFORMATION

| | | |
|---|---|---|
| **AUTHORIZER SIGNATURE** | : | Danielle Sabol |
| **AUTHORIZER TITLE** | : | Authorized Person |



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

Business Name: **AMGUARD INSURANCE COMPANY**

Control Number: **K934059**

Business Type: **Foreign Insurance Company**

Business Status: **Active/Compliance**

Business Purpose: **NONE**

Principal Office Address: **PO BOX AH, WILKES BARRE, PA, 18703-0020, USA**

Date of Formation / Registration Date: **7/6/1999**

Jurisdiction: **Pennsylvania**

Last Annual Registration Year: **2021**

### REGISTERED AGENT INFORMATION

Registered Agent Name: **C T Corporation System**

Physical Address: **289 S Culver St, Lawrenceville, GA, 30046-4805, USA**

County: **Gwinnett**

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| EITAN AJCHENBAUM | CFO | PO BOX A H, WILKES BARRE, PA, 18703, USA |
| Matthew O'Connor | Secretary | PO Box A-H, Wilkes-Barre, PA, 18703, USA |
| Sy Foguel | CEO | PO BOX A H, WILKES BARRE, PA, 18703, USA |

Back

Filing History    Name History

Return to Business Search

# EXHIBIT D

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00437-S6**
**2/26/2021 9:08 AM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

*Tiana A. Rose* CLERK OF STATE COURT

| | | |
|---|---|---|
| RM FOOD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 21-C-00437-S6 |
| AMGUARD INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

**COMES NOW**, AMGUARD INSURANCE COMPANY, Defendant in the above-styled

civil action, and files this, its Answer to Plaintiff's Complaint, as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be

granted.

## SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the

insurance policies.

## THIRD DEFENSE

To the extent Plaintiff seeks to assert a breach of contract action against Defendant,

Plaintiff may not maintain such an action because Defendant did not breach any contract with

Plaintiff.

## FOURTH DEFENSE

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to

O.C.G.A. § 33-4-6, Plaintiff is barred from asserting any such bad faith demand because Plaintiff

failed to satisfy the procedural requirements of O.C.G.A. § 33-4-6, including, but not limited to, submitting a proper and timely bad faith demand to Defendant.

## FIFTH DEFENSE

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to O.C.G.A. § 33-4-6, Plaintiff may not recover because its claim is legally and factually insufficient. Defendant has, at all times, acted in good faith and fair dealing with respect to Plaintiff's claims.

## SIXTH DEFENSE

To the extent Plaintiff seeks to assert a bad faith claim against Defendant pursuant to any other statute or law aside from O.C.G.A. § 33-4-6, Plaintiff may not recover because its claim is legally and factually insufficient. O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith penalties or extra-contractual damages recoverable by an insured against his insurer based on a failure to pay policy benefits.

## SEVENTH DEFENSE

To the extent Plaintiff seeks to recover extra-contractual damages as a result of any alleged breach of contract claim against Defendant, Plaintiff may not recover because its claim is legally and factually insufficient. O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith penalties or extra-contractual damages recoverable by an insured against his insurer based on a failure to pay policy benefits.

## EIGHTH DEFENSE

Plaintiff is unable to recover the damages set forth in the Complaint because, upon information and belief, the amounts claimed are either not covered under the insurance policy, or do not reflect the reasonable cost to replace the damaged covered property and to return Plaintiff to its pre-loss condition.

## NINTH DEFENSE

Plaintiff may not maintain this action against Defendant because Plaintiff failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant.

## TENTH DEFENSE

Plaintiff is unable to recover from Defendant because it failed to mitigate its damages as required by Georgia law.

## ELEVENTH DEFENSE

Plaintiff is unable to recover from Defendant because its claimed damages occurred outside of the period of restoration defined within the policy.

## TWELFTH DEFENSE

Plaintiff is unable to recover from Defendant based on the basis of accord and satisfaction.

## THIRTEENTH DEFENSE

Plaintiff is unable to recover from Defendant on the basis of payment.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including submission of a sworn statement in proof of loss.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including providing complete inventories of damaged and undamaged property.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including permitting inspection of the property and examination of Plaintiff's books and records.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including failure to resume all or part of Plaintiff's operations as quickly as possible.

## EIGHTTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including compliance with any applicable endorsements, including any protective safeguards endorsements.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including full replacement or repair of damaged property.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to meet all conditions precedent under the insurance policies, including maintaining an appropriate insured-to-value ratio of coverage.

## TWENTY-FIRST DEFENSE

Plaintiff's claims may not proceed as alleged since they are more appropriately bifurcated into separate trials.

## TWENTY-SECOND DEFENSE

Plaintiff's claims fail as a matter of law since Plaintiff and Defendant have never come to an agreement upon the amount of the loss, and there has not been an appraisal award for specific damages.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred for improper venue.

## <u>TWENTY-FOURTH DEFENSE</u>

Responding to the specific, numbered paragraphs of Plaintiff's Complaint, Defendant shows as follows:

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits that its registered agent is located in Gwinnett County. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

For want of sufficient information upon which to form a belief, Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, such allegations are denied.

5.

Defendant admits that it issued an insurance policy to Plaintiff, Policy No. RMBP990382, which subject to the terms, conditions, exclusions and endorsements therein, provided certain coverage for the property located at 1500 Sigman Road NW, Conyers, Georgia 30012. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint as pled.

6.

Defendant admits the Plaintiff filed a claim with Defendant. For want of sufficient information upon which to form a belief, Defendant can neither admit nor deny the remaining

allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, such remaining allegations are denied.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as pled.

8.

Defendant admits that it has issued payment for damage to the Property and to Plaintiff's business personal property. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits that it issued a $100,000.00 payment to Plaintiff for alleged lost business income and extra expenses pursuant to the insurance policy at issue in this case. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant admits that it has not made payment in the claimed amount of $408,482.49. Defendant denies the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint as pled.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint as pled.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT I – BREACH OF CONTRACT

16.

Responding to the allegations contained in Paragraph 16 of the Complaint, Defendant reasserts and incorporates by reference its affirmative defenses and answers to Paragraphs 1 through 15 above as though fully set forth herein.

17.

Defendant admits that the Policy constitutes a valid, binding contract between Plaintiff and Defendant. Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint as pled.

18.

Defendant admits the amount of claimed damages at issue in this case exceeds $75,000.00. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

## COUNT II – BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

19.

Responding to the allegations contained in Paragraph 19 of the Complaint, Defendant reasserts and incorporates by reference its affirmative defenses and answers to Paragraphs 1 through 18 above as though fully set forth herein.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant admits that it has not made payment in the claimed amount of $408,482.49. Defendant denies the remaining allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

**PRAYER**

24.

Defendant denies all allegations not responded to herein and further denies the allegations contained in the last unnumbered paragraph beginning "WHEREFORE."

**<u>TWENTY-FIFTH DEFENSE</u>**

Defendant denies being indebted to the Plaintiff in any amount whatsoever, and if any allegations of Plaintiff's Complaint have been neither admitted nor denied in the course of this response, they are hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that it be discharged hence without liability and demands a trial by jury of twelve persons.

This 26th day of February, 2021.

                                        Respectfully submitted,

                                        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                        By:      /s/ Drew C. Timmons
                                                Drew C. Timmons
                                                Georgia Bar No. 358626
                                                Justin E. Jorgensen
                                                Georgia Bar No. 204124
                                                *Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing pleading with the Clerk of Court via electronic transmission using Odyssey eFileGA and served a copy of the foregoing electronically upon all parties of record via Odyssey eFileGA.

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: _/s/ Drew C. Timmons_____
Drew C. Timmons
Georgia Bar No. 358626
Justin E. Jorgensen
Georgia Bar No. 204124
*Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

4832-9666-5051, v. 1

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00437-S6**
**2/26/2021 9:08 AM**

*Tiana* CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RM FOOD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) |
| | ) NO. 21-C-00437-S6 |
| AMGUARD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF FILING
## NOTICE OF REMOVAL TO FEDERAL COURT

NOTICE IS HEREBY GIVEN that AMGUARD INSURANCE COMPANY, named Defendant in the above-captioned action, has on this date removed the above-captioned action to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Attached as Exhibit 1 is a true and correct copy of Defendant's Notice of Removal, without its exhibits.

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     /s/ Drew C. Timmons
       Drew C. Timmons
       Georgia Bar No. 358626
       Justin E. Jorgensen
       Georgia Bar No. 204124

The Peachtree, Suite 300        *Attorneys for Defendant*
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RM FOOD, INC., | |
| Plaintiff, | Civ Act. No. _____ |
| vs. | |
| AMGUARD INSURANCE COMPANY, | |
| Defendant. | State Court of Gwinnett County Civil Act. No. 21-C-00437-S6 |

## <u>NOTICE OF REMOVAL</u>

**COMES NOW**, AMGUARD INSURANCE COMPANY (hereinafter "Defendant"), Defendant in the above-styled civil action, and within the time prescribed by law, files this Notice of Removal, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed. As grounds for removal, Defendant states as follows:

1.

Plaintiff RM FOOD, INC. ("Plaintiff") filed a Complaint on January 20, 2021 against Defendant AMGUARD INSURANCE COMPANY in the State Court of Gwinnett County, Georgia, Civil Action No. 21-C-00437-S6, which county is within the Atlanta Division of this Court. A true and correct copy of the Complaint is attached hereto and made a part hereof as Exhibit "A."

2.

By way of its Complaint, Plaintiff seeks to recover damages against Defendant, pursuant to allegations of breach of contract (Count I) as well as allegations of bad faith under O.C.G.A. § 33-4-6 (Count II). *See* Exhibit A.

3.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Plaintiff's Complaint seeks a sum in excess of $75,000.00 as Plaintiff specifically pleads this fact, and further requests an amount in excess of $408,482.49. Exhibit A, ¶¶ 10, 18.

4.

Defendant was served with a copy of the Complaint on January 28, 2021.

5.

Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." See 28 U.S.C. § 1446(b)(1).

6.

Defendant's Notice of Removal is timely and the matter and amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . .").

7.

Plaintiff is a Georgia domestic profit corporation, organized under the laws of the State of Georgia, with its principal place of business located in the State of Georgia, as shown by the entity's corporate entry with the Georgia Secretary of State, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "B." Plaintiff's citizenship is, therefore, established in the State of Georgia for diversity of citizenship purposes. See 28 U.S.C. § 1332(c) ("a corporation is

3

deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business . . .").

8.

Defendant is a foreign corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania, as shown by the entity's corporate entry with the Georgia Secretary of State, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "C." Plaintiff's Complaint also concedes that "Defendant is a foreign insurance company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at P.O. Box AH, Wilkes Barre, PA 18703-0020." Exhibit A, ¶ 1. Defendant's citizenship is, therefore, established in the State of Pennsylvania for diversity of citizenship purposes.

9.

The Court has diversity jurisdiction over this suit under 28 U.S.C. § 1332 because: (1) Plaintiff and Defendant are citizens of different states; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1).

10.

In accordance with 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

11.

Concurrently with the filing of this Notice of Removal, Defendant has given notice of this Notice of Removal to all parties on record and to the Clerk of the State Court of Gwinnett County, Georgia. A true and correct copy of Defendant's Answer, and the Notice of Filing Notice of Removal are attached hereto as Exhibit "D."

12.

Defendant has complied with all provisions of 28 U.S.C. § 1446 governing the procedure for removal. By virtue of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Northern District of Georgia, Atlanta Division, has original jurisdiction over this matter.

13.

Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendant AmGUARD Insurance Company prays that the State Court of Gwinnett County, Georgia, proceed no further and that the suit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626
Justin E. Jorgensen
Georgia Bar No. 204124
*Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
      Drew C. Timmons
      Georgia Bar No. 358626
      Justin E. Jorgensen
      Georgia Bar No. 204124
      *Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing *Notice of Removal* to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants, and have also sent the same via electronic service to the following parties:

Michael B. Weinstein, Esq.
MBW Law, LLC
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
mike@mbwlaw.net

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     /s/ Drew C. Timmons
       Drew C. Timmons
       Georgia Bar No. 358626
       Justin E. Jorgensen
       Georgia Bar No. 204124
       *Attorneys for Defendants*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

4839-1837-0013, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing **Defendant's Notice Of Filing Notice Of Removal To Federal Court** and that I have electronically filed the foregoing with the Clerk of Court via the Odyssey eFileGA electronic system and electronically served a copy of same upon all parties of record via Odyssey eFile GA, addressed as follows:

Michael B. Weinstein, Esq.
MBW Law, LLC
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
mike@mbwlaw.net

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626
Justin E. Jorgensen
Georgia Bar No. 204124

*Attorneys for Defendant*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

4819-9397-1165, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **Notice of Removal** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants, and have also sent the same via electronic service to the following parties:

Michael B. Weinstein, Esq.
MBW Law, LLC
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
mike@mbwlaw.net

This 26th day of February, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    /s/ Drew C. Timmons
       Drew C. Timmons
       Georgia Bar No. 358626
       Justin E. Jorgensen
       Georgia Bar No. 204124
       *Attorneys for Defendants*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Tele: (404) 888-6151
Fax:  (404) 888-6198
drew.timmons@swiftcurrie.com
justin.jorgensen@swiftcurrie.com

4839-1837-0013, v. 1